IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GLEN A. STACKHOUSE, #150174, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-50-WKW |
| | ) | [WO] |
| CAPTAIN CARGLE, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an indigent state inmate incarcerated at the Ventress Correctional Facility.  In the complaint, Plaintiff alleges that sometime in 2014 Defendant Cargle called him "a sissy ass bitch" and put her hands on him. *Doc. No. 1* at 2.  Due to the vague nature of this claim, the court entered an order directing Plaintiff to file an amendment to the complaint which described how Defendant's conduct in "putting her hands on [him]" violated his constitutional rights. *See Doc No. 4.*  Plaintiff complied with this order.  Upon review of the complaint and amendment thereto, the court concludes this case is due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B).

**II. DISCUSSION**

As best as the court can discern from the amendment to Plaintiff's complaint, Captain Cargle made disparaging remarks about not "hiring" Plaintiff to work for the State "with his ugly ass" and that she would clean or clear "the room with [his] sissy ass"

and he could do nothing about it. Plaintiff then asserts that Defendant Cargle put her hand in his face with her finger and pushed him in the face. He asked her to "please get your finger out of my face." *Doc. No. 5* at 1-2. This claim provides no basis for relief.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived Plaintiff of rights, privileges or immunities secured by the Constitution. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse,

2

including threat of harm, not actionable under § 1983).  Because this claim lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke v. Williams*, 490 U.S. 319 (1989).

To the extent Plaintiff seeks to assert an Eighth Amendment excessive force claim regarding his contention that Defendant Cargle pushed him in the face with her finger, this claim is without merit.  Plaintiff's complaint and amendment thereto fail to allege in any manner that Defendant Cargle's action was done violently or that he suffered any injury.  Although the lack of serious injury does not preclude an Eighth Amendment claim, the extent of injury suffered is one factor to be considered in determining whether the use of force was wanton and unnecessary.  *Hudson v. McMillian*, 503 U.S. 1 (1992).  Consequently, *de minimis* uses of physical force do not implicate the Eighth Amendment's prohibition against cruel and unusual punishment.

> "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided the use of that force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and parenthesis omitted).

*Hudson*, 503 U.S. at 9-10.

While the conduct about which Plaintiff complains may be described as unprofessional, there is nothing before the court which shows that it rose above a level of mere *de minimis* use of physical force or that the type of force used was "of a sort repugnant to the conscience of mankind."  Minor amounts of force, even if applied unnecessarily, do not rise to the level of a constitutional claim.  *See Johnson v. Moody*,

3

206 F. App'x 880, 885 (11th Cir. 2006). This is especially true where, as here, Plaintiff can point to no injury. Taking all of Plaintiff's allegations as true, he still has only established a *de minimis* use of force without injury which does not offend the Eighth Amendment.

In light of the foregoing, Plaintiff's Eighth Amendment claim against Defendant Cargle is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be dismissed with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 7, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404

(5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 24th day of March, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE